IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA

2013 DEC 18  PM 7: 50

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>JAMES B. HAUGH,<br><br>　　　　　　Defendant. | 4:13-CR-3039<br><br>PRELIMINARY ORDER OF FORFEITURE |

　　　The indictment in this case (filing 1) charged the defendant with one count of receipt or distribution of child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A), and one count of possession of a visual depiction of a minor engaged in sexually explicit conduct, in violation of 18 U.S.C. § 2252(a)(4)(B). The indictment contained a forfeiture allegation seeking the forfeiture of, among other things, "any and all property used or intended to be used in any manner or part to commit and to promote the commission of the aforementioned violation." Filing 1 at 2.

　　　The defendant has been found guilty by jury verdict on Count 1 of the indictment. The parties were asked whether either would request a jury determination of forfeiture pursuant to Fed. R. Crim. P. 32.2(b)(5), and neither party made such a request. The parties were also asked whether either would request a hearing or offer additional evidence or information relevant to forfeiture pursuant to Rule 32.2(b)(1)(B); neither party requested a hearing, and both parties indicated that they would submit the issue on the trial record. The matter of forfeiture is, therefore, submitted to the Court on the evidence already in the record. *See id.*

　　　The Court finds, from the evidence, that trial exhibits 1-4 are subject to forfeiture, as follows:

　　　1.　　HP Desktop (Serial #MXL0481160), with 1TB Hitachi Hard Drive (Serial #JP2940HD2X4HBC)

　　　2.　　Seagate External Hard Drive (Serial #4LJ2N7G2)

　　　3.　　Western Digital External Drive (Serial #WCAUF0133038)

　　　4.　　SanDisk Cruzer Glide USB Flash Drive

The evidence presented at trial—in particular, the presence of the contraband on these devices and the testimony of government investigators Kerry Crosby and Ed Sexton describing how the devices were used to obtain the contraband—establish the requisite nexus between the property and the offense by a preponderance of the evidence. *See United States v. Hull*, 606 F.3d 524, 527 (8th Cir. 2010) (burden of proof). Specifically, the evidence establishes that exhibits 1-4 were used to commit the offense of conviction, and as a result, the plaintiff is entitled to possession of the property pursuant to 18 U.S.C. § 2253(a)(3).

IT IS ORDERED:

1. The plaintiff is authorized to seize trial exhibits 1-4, as specifically described above.

2. The defendant's interest in the property is forfeited to the plaintiff for disposition in accordance with law, subject to the provisions of 18 U.S.C. § 2253.

3. The property is to be held by the plaintiff in its secure custody and control.

4. Pursuant to 18 U.S.C. § 2253, the plaintiff shall publish for at least thirty consecutive days on an official Internet government forfeiture site (www.forfeiture.gov) notice of this order, notice of publication evidencing the plaintiff's intent to dispose of the property in such manner as the Attorney General may direct, and notice that any person, other than the defendant, having or claiming a legal interest in the property must file a petition with the Court within thirty days of the final publication of notice or of receipt of actual notice, whichever is earlier.

5. Such published notice shall state that the petition referred to in paragraph 4, above, shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title, or interest in the property and any additional facts supporting the petitioner's claim and relief sought.

6. The plaintiff may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property as a substitute for published notice as to those persons so notified.

7. Upon adjudication of all third-party interests, this Court will enter a final order of forfeiture pursuant to 18 U.S.C. § 2253, in which all interests will be addressed.

Dated this 18th day of December, 2013.

BY THE COURT:

John M. Gerrard
United States District Judge