IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>vs.<br><br>JAMES B. HAUGH,<br><br>                Defendant. | 4:13-CR-3039<br><br>TENTATIVE FINDINGS |

      The Court has received the revised presentence investigation report in this case. The defendant has filed a Statement of Position (filing 51) objecting to the presentence report and suggesting that the Court vary downward based upon *United States v. Abraham*, 944 F. Supp. 2d 723 (D. Neb. 2013).

      IT IS ORDERED:

1.    The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005), and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

    (a)    give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

    (b)    resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

    (c)    impose upon the United States the burden of proof on all Guidelines enhancements;

    (d)    impose upon the defendant the burden of proof on all Guidelines mitigators;

    (e)    depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

(f)     in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2. The defendant has filed a sentencing statement (filing 51) objecting to the five-level enhancement for distribution for the receipt of a thing of value pursuant to U.S.S.G. § 2G2.2(b)(3)(B). The defendant contends that he did not know the files he had downloaded were available to others. Filing 51 at 1. The Court will resolve that matter at sentencing.

3. The defendant's sentencing statement also suggests that grounds for a downward variance are present,[1] based on the Court's decision in *Abraham*, 944 F. Supp. 2d 723. Filing 51 at 2. It is the Court's intent to apply the modified § 2G2.2 framework that it set forth in *Abraham*, 944 F. Supp. 2d at 730-35. The Court notes, in particular, that the defendant's previous objection to the five-level enhancement for distribution will be resolved based on the considerations expressed in *Abraham*, 944 F. Supp. 2d at 734-35.

4. Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

5. If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the

---

[1] Although the defendant describes these as "grounds for Departure/Variance," filing 51 at 2, *Abraham* involves a variance. *See Abraham*, 944 F. Supp. 2d at 727. The term "departure" is a term of art under the Guidelines and refers only to non-Guidelines sentences imposed under the framework set out in the Guidelines. The calculation of the initial advisory Guidelines range, along with any applicable departures, results in a final advisory Guidelines sentencing range. Then, in determining the actual sentence that should be imposed, the Court must consider whether the factors in § 3553(a) justify a "variance" outside the final advisory Guidelines sentencing range. As opposed to a "departure," a "variance" refers to a non-Guidelines sentence based on the factors enumerated in § 3553(a). *United States v. Lozoya*, 623 F.3d 624, 625-26 (8th Cir. 2010).

submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

6. Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

7. Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 3rd day of March, 2014.

BY THE COURT:

*John M. Gerrard*
John M. Gerrard
United States District Judge