IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | 4:13-CR-3039 |
| vs. | |
| JAMES B. HAUGH, | MEMORANDUM AND ORDER |
| Defendant. | |

This matter is before the Court on the defendant's motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) (filing 73). The defendant's motion will be denied.

The defendant was convicted, pursuant to jury verdict, of receiving child pornography in violation of 18 U.S.C. § 2252A(a)(2). Filing 59 at 1. The presentence report assessed a 5-level enhancement to the defendant's offense level based on the finding that the defendant's use of peer-to-peer file-sharing technology meant that he had distributed child pornography expecting to receive a thing of value within the meaning of U.S.S.G. § 2G2.2(b)(3)(B). Filing 57 at 7. The defendant objected to that enhancement. Filing 51. The Court sustained the objection in part, assessing only a 3-level enhancement. Filing 55; filing 60 at 1; *see United States v. Abraham*, 944 F. Supp. 2d 723, 734-35 (D. Neb. 2013). The Court calculated a total offense level of 33 and an advisory guidelines range of 135 to 168 months, and imposed a below-guidelines sentence of 90 months' imprisonment. Filing 59 at 2; filing 60 at 1.

The defendant moves for a sentence reduction pursuant to § 3582(c)(2), which provides that the Court may modify a term of imprisonment if the "defendant . . . has been sentenced to a term of imprisonment based on a

sentencing range that has subsequently been lowered by the Sentencing Commission . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The defendant relies on Amendment 801 to the Sentencing Guidelines, which amended § 2G2.2: that section now provides that the 5-level increase is warranted "[i]f the defendant distributed in exchange for any valuable consideration," and

> "The defendant distributed in exchange for any valuable consideration" means the defendant agreed to an exchange with another person under which the defendant knowingly distributed to that other person for the specific purpose of obtaining something of valuable consideration from that other person, such as other child pornographic material, preferential access to child pornographic material, or access to a child.

§ 2G2.2(b)(3)(B) and cmt. n.1. The defendant argues that Amendment 801 applies retroactively, and that under the amended guideline, the enhancement would not have been applicable. Filing 73 at 3.

There are two problems with the defendant's argument. The first is that unless the defendant received a below-guidelines sentence "pursuant to a government motion to reflect the defendant's substantial assistance to authorities," the Court cannot reduce the defendant's term of imprisonment to a term that is less than the minimum of the amended guideline range. § 1B1.10(b)(2)(A).

A sentence reduction pursuant to § 3582(c)(2) is not a resentencing: § 3582(c)(2) authorizes "only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding." Dillon v. United States, 560 U.S. 817, 826 (2010). The Court is constrained by the Commission's

statements dictating by what amount the sentence of a prisoner serving a term of imprisonment affected by an amendment may be reduced. *Id.* Because § 3582(c)(2) authorizes a reduction *only* if it is consistent with policy statements issued by the Sentencing Commission, the Court must determine that a reduction is consistent with § 1B1.10 before it may consider whether the authorized reduction is warranted. *Dillon*, 560 U.S. at 826; *see*, *United States v. Higgins*, 584 F.3d 770, 772 (8th Cir. 2009); *United States v. Starks*, 551 F.3d 839, 842-43 (8th Cir. 2009).

And here, § 1B1.10 does not permit a reduction. The defendant's Guidelines range at sentencing was determined to be 135 to 168 months, based on a total offense level of 33 and criminal history category I. Filing 60 at 1. But the Court varied downward at the defendant's request and imposed a sentence of 90 months. Filing 59 at 2; filing 60 at 2-3. Even if the Court assumes that no distribution enhancement would be imposed under the amended § 2G2.2(b)(3)(B), that would only reduce the offense level by the 3 levels that the Court imposed at sentencing, resulting in an offense level of 30 and an amended Guidelines imprisonment range of 97 to 121 months. The defendant's 90-month sentence is still below the amended Guidelines range, and cannot be reduced pursuant to § 1B1.10(b)(2)(A).

The other problem with the defendant's argument is that the Sentencing Commission has not made Amendment 801 retroactive. "If the Commission reduces the term of imprisonment recommended in the guidelines applicable to a particular offense or category of offenses, it shall specify in what circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced." 28 U.S.C. § 994(u). In other words, the retroactivity decision is left to the Commission's discretion. *United States v. Hernandez*, 18 F.3d 601, 602 (8th Cir. 1994). And

because a sentence reduction pursuant to § 3582(c)(2) must be consistent with the Commission's policy statements, only amendments enumerated in § 1B1.10(d) may be applied retroactively. *Hernandez,* 18 F.3d at 602; *United States v. Dowty,* 996 F.2d 937, 938-39 (8th Cir. 1993).[1] Amendment 801 is not such an enumerated amendment. § 1B1.10(d). Accordingly,

IT IS ORDERED that the defendant's motion for a sentence reduction (filing 73) is denied.

Dated this 11th day of May, 2017.

BY THE COURT:

John M. Gerrard
United States District Judge

---

[1] The defendant cites *United States v. Leon-Alvarez,* 532 F.3d 815 (8th Cir. 2008), for the proposition that "[c]larifying amendments to the Guidelines which do not make substantive changes may be given retroactive effect." Filing 73 at 3. But Amendment 801 made substantive changes to the text of § 2G2.2(b)(3)(B). And in any event, what the defendant is citing is not the Eighth Circuit's holding in *Leon-Alvarez*: it is a concurring opinion that, in turn, cited *United States v. Douglas,* 64 F.3d 450, 453 (8th Cir. 1995), for the proposition that clarifying changes or amendments to the Guidelines operate retroactively, even if not designated as such by the Commission in § 1B1.10. *Leon-Alvarez,* 532 F.3d at 821 (Bright, J. concurring). But the issue in *Douglas* was the application of the one-book rule to amended guidelines commentary—the amendment at issue in *Douglas* actually *was* enumerated in § 1B1.10. *Douglas,* 64 F.3d at 451, 453. And more importantly, the Eighth Circuit's explanation of the Court's authority to resentence pursuant to § 3582(c)(2), as constrained by § 1B1.10, is quite clear. *See Dowty,* 996 F.2d at 938-39.